*Application for reconsideration denied. A pro hac vice application does not require an affidavit by another attorney. See Local Rule 1.3(c). The Clerk is directed to close Docket No. 44.*

*So ordered.*
*/s/ John G. Koeltl*
*U.S.D.J. 9/19/22*

September 19, 2021

**VIA ECF**
The Honorable Judge John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-0107

RE: *Jessica Mason v. THEMARYSUE, LLC, et al.*
Case No.: 1:22-CV-07341
**Request for Reconsideration of Granting Plaintiff's Pro Hac Vice Motion**

Dear Honorable Judge Koeltl:

Our office represents the defendants, THEMARYSUE, LLC, Gamurs, Inc., Andrew Eisbrouch, Kaila Hale-Stern, and Dan Van Winkle (collectively, "TMS Defendants") in regard to the above-referenced action.

Plaintiff's counsel in this matter, Heidi W. Mason, Esq., an attorney *not* admitted to practice in the state of New York or before this Court, the United States District Court for the Southern District of New York, filed a Motion to Appear Pro Hac Vice (ECF Doc. No. 41), yet failed to include an affidavit of an attorney of this Court who has known the applicant for at least one year, stating when the affiant was admitted to practice in this Court, how long and under what circumstances the attorney has known the applicant, and what the attorney knows of the applicant's character and experience at the bar. This affidavit and sponsorship is required by Local Rule 1.3(a) of the Local Rules for the United States District Court for the Southern District of New York, and Plaintiff's failure to include such affidavit and sponsorship within her Pro Hac Vice motion marks clear non-compliance of Local Rule 1.3(a).

TMS Defendants respectfully file this letter to direct Your Honor's attention to TMS Defendants' Opposition to Plaintiff's Motion to Appear Pro Hac Vice (ECF Doc. No. 42), on the grounds that Plaintiff did not include the affidavit and sponsorship of an attorney admitted to this Court in her motion. We respectfully request that Your Honor re-consider the granting of Plaintiff's Pro Hac Vice Motion (ECF Doc. No. 43) and deny Plaintiff's Pro Hac Vice Motion, as Plaintiff's counsel did *not* comply with Local Civil Rule 1.3(a). The applicable law and guiding standard regarding this Rule are discussed more fully in TMS Defendant's Opposition to Plaintiff's Motion to Appear Pro Hac Vice (ECF Doc. No. 42, and attached to this letter herein as *Exhibit A*).

We thank the Court sincerely in advance for this consideration.

DATED: September 19, 2022

Respectfully submitted,

*/s/ Elizabeth Vulaj*
Elizabeth Vulaj, Esq.
SDNY Bar ID: 5551676
**ABRAMS MEDIA**
Business & Legal Affairs
1261 Broadway, Sixth Floor
New York, NY 10001
Telephone: (646) 370-1258
Email: elizabeth@abrams-media.com
*Attorneys for Defendants THEMARYSUE,
LLC, Gamurs, Inc., Andrew Eisbrouch, Dan
Van Winkle and Kaila Hale-Stern*

**CC (VIA ECF):**

Heidi W. Mason
Innova Legal Advisors, PC
One Centerpointe Drive, Suite 530
Lake Oswego, OR 97035
(503) 479-7175
Email: heidi.mason@innovalegaladvisors.com

Ronald G. Guerra
Innova Legal Advisors PC
One Centerpointe Drive, Suite 530
Lake Oswego, OR 97035
(503) 479-7175
Email: heidi.mason@innovalegaladvisors.com

*Attorneys for Plaintiff*